CAROLINE   HOWARD,   GEORGE   HOWARD,   GEORGE WHITELEY,   JOHN   W.   WHITELEY,   AND   ANNIE WHITELEY, v. JOHN SCHNEIDER.

**No. 688.**   (62 Pac. 435.)

CONSTITUTIONAL LAW— *Title of Act—Joint Tenancy and Estates in Entirety.* Chapter 203, Laws of 1891 (Gen. Stat. 1897, ch. 109, § 31; Gen. Stat. 1899, § 2472) entitled "An act to abolish survivorship in joint tenancy," is unconstitutional in so far as it attempts to abolish survivorship in estates in entirety, said subject not being included in the title.

Error from Leavenworth district court; LOUIS A. MYERS, judge. Opinion filed October 6, 1900. Affirmed.

*John H. Atwood*, and *William W. Hooper*, for plaintiffs in error.

*Wm. Dill*, and *O. C. Phillips*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: On April 1, 1896, the defendant in error John Schneider began an action in the district court of Leavenworth county to quiet his title to a piece of land in that county as against the plaintiffs in error, who were defendants therein. The admitted facts of the case are substantially as follows: On August 22, 1881, the land in controversy was deeded to John Schneider and Sarah Schneider, his wife. At the time of the intermarriage of John and Sarah Schneider, John had a son, Arthur John Schneider, by a former marriage, and Sarah had three children, viz.: Caroline Howard, now the wife of George Howard, George R. Whiteley, and John W. Whiteley, now married to Annie Whiteley. Arthur John Schneider died January 27, 1893. The contention of the plaintiffs in error is that by the operation of law, under chapter 203, Laws of 1891, entitled "An act to abolish survivorship in joint tenancy," Sarah Schneider was the owner of an undivided one-half of the land in controversy, and upon her death it descended one-half to her husband and the other half in equal shares to her three children, and that each of said three children is entitled to an undivided one-twelfth thereof. The defendant in error contends that there is no question of joint tenancy in this case; that the estate held in said land by John and Sarah Schneider was an estate in entirety, and that the act to abolish survivorship in joint tenancy did not and could not divest or destroy or affect this estate. This is the only ques-

tion in the case, and the one phase of this question that seems to us conclusive and the only one we think it necessary to consider is : Does the title "An act to abolish survivorship in joint tenancy" authorize the abolition of survivorship in estates in entirety?   Unless these two terms are synonymous, this question must be answered in the negative.   Under the law as it existed in this state prior to 1891, the estate of John and Sarah Schneider in the land in controversy was that of an estate in entirety. (*Baker v. Stewart*, 40 Kan. 442, 19 Pac. 904, 2 L. R. A. 434, and other cases following it.)   This is an estate in lands generally recognized by the authorities, and while it has some of the characteristics of a joint tenancy, it is clearly distinguishable therefrom. (Washb. Real Prop., ch. 13, § 6 ; Tiedeman, Real Prop. § 242.)

The first part of section 16 of article 2 of the constitution of the state provides : "No bill shall contain more than one subject, which shall be clearly expressed in its title."   In *Comm'rs of Sedgwick Co. v. Bailey*, 13 Kan. 600, it was held that this provision was mandatory, and if the legislature should clearly violate this provision by putting something in the body of an act clearly not embraced in the title thereof, or wholly foreign to the title, it would be the duty of the courts to declare such portion of the act void.

As was said by Brewer, J., in *The State, ex rel., v. Bankers' etc. Association*, 23 Kan. 501:

"The constitution has said that the title must be an index to the law, and the courts may not sanction as a valid enactment any part of a statute to which the finger of the title does not point.   If we should attempt to enlarge the title we should defeat the very purpose of the constitutional prohibition, which was to make the title to a bill notice of all contemplated legislation."

There being nothing in the title to indicate an intention to abolish survivorship in estates in entirety or to abolish estates in entirety, as that would be the result if the law is sustained, we must hold the law ineffectual to accomplish that, without considering the question of the power of the legislature to change the law as attempted.

The judgment of the trial court will be affirmed.

McElroy, J., concurring.

Mahan, P. J., dissenting.